*People v Fate*, 117 AD3d 1327, 1329 [2014], *lv denied* 24 NY3d 1083 [2014]; *see generally People v Jackson*, 119 AD3d 1361, 1361-1362 [2014], *lv denied* 23 NY3d 1063 [2014]), and that it did not deny defendant's request merely because defendant had been convicted of an armed felony (*cf. Middlebrooks*, 25 NY3d at 525-526), or in deference to the plea agreement (*cf. Rudolph*, 21 NY3d at 501; *People v Potter*, 114 AD3d 1183, 1184 [2014]).

We recognize that the court did not explicitly address the threshold issue whether defendant was an eligible youth notwithstanding his conviction of an armed felony (*see* CPL 720.10 [2] [a] [ii]; [3]), and that, in general, a court sentencing a defendant whose only barrier to youthful offender eligibility is his or her conviction of an armed felony "is required to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3)" (*Middlebrooks*, 25 NY3d at 527). In our view, however, a court in an armed felony case can satisfy its obligation under *Middlebrooks* by declining to adjudicate the defendant a youthful offender after consideration on the record of factors pertinent to a determination whether an eligible youth should be adjudicated a youthful offender (*see id.* at 527; *People v Thomas R.O.*, 136 AD3d 1400, 1402 [2016]), thereby demonstrating that it implicitly resolved the threshold issue of eligibility in the defendant's favor (*cf. People v Lowe*, 25 NY3d 516, 521 n 1 [2015]), or assumed, arguendo, that the defendant was an eligible youth (*see e.g. People v Lewis*, 128 AD3d 1400, 1400 [2015], *lv denied* 25 NY3d 1203 [2015]). We therefore conclude that the record here "belies defendant's contention that the court [erred in failing] to determine whether he was eligible for youthful offender status" (*People v Michael A.C.* [appeal No. 2], 128 AD3d 1359, 1360 [2015], *lv denied* 25 NY3d 1168 [2015]; *cf. People v Melendez*, 132 AD3d 471, 471 [2015]). Present—Whalen, P.J., Carni, NeMoyer, Troutman and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL F. SPRAGUE, III, Appellant. [32 NYS3d 547]—Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered January 22, 2014. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (28 counts).

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Genesee County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him of